DONAGHEY *v.* REMMEL & MCCARROLL.

Opinion delivered February 2, 1931.

*Barber & Henry* and *Frauenthal, Sherrill & Johnson,* for appellant.

*Fred A. Isgrig* and *Elmer Schoggen,* for appellee.

HUMPHREYS, J. Appellees brought this suit in the circuit court of Pulaski County, Third Division, against

appellant to recover a commission of $7,500 for procuring a loan of $200,000 for appellant with which to construct a loft building on certain real estate on the southeast corner of Markham and Main Streets in the city of Little Rock; and $1,200 as anticipated commissions on fire insurance to cover said building for a term of ten years. The claim for the recovery of said commissions is based upon a written loan contract of date February 7, 1927, a written application of same date and accompanying letter for a loan of $275,000, a letter of date February 15, 1927, a letter of date March 1, 1927, and a letter of date March 3, 1927. The instruments of writing referred to are as follows:

"LOAN CONTRACT.

"Remmel & McCarroll,
"Little Rock, Ark.

"I hereby agree to make through you, in name of Massachusetts Mutual Life Ins. Co., Springfield, Mass. whom you represent, a loan of two hundred and seventy-five thousand ($275,000) dollars for a term of ten years, principal payable 5% amt. loan annually beginning at end of fourth year. It is further understood that interest on the loan herein accepted shall commence with the date of the check or draft sent in settlement or on account of loan, to bear interest at the rate of 5½ per cent. per annum, payable semi-annually, to be secured by a first mortgage on real estate hereinafter described, principal and interest to be payable at such place and in such manner as the lender may direct. The real estate upon which I desire this mortgage loan is as follows, to-wit:

"West half of lots, one, two and three in block two, city of Little Rock, Ark., more particularly described as follows: Beginning at a point at the northwest corner of said block, running south one hundred and fifty feet on Main Street, thence east sixty-nine feet, thence north one hundred and fifty feet, thence east sixty-nine feet to the place of beginning, with the following exceptions: 30 feet on East Markham Street by 70 feet on Main

Street, which is included in a 99-year lease, a copy of which is herewith attached. See attached plat of ground, Pulaski County, State of Arkansas.

"In addition to the interest above agreed upon, I agree to pay you as a commission for negotiating the loan the sum of $10,000 (ten thousand dollars).

"I further agree to pay all expenses for abstract of title to the property offered as security in my application; also the fee for recording the mortgage and each and every instrument necessary to clear the title of all incumbrances and perfect title in me. I also agree to pay for a photograph of the premises and an attorney's fee for examination of the title.

"I hereby agree to pay such actual expenses as you have incurred in the negotiation of the loan and examination of the property and title, if I do not obtain said loan, by reason of defects in the title or by reason of my being unable to remove all incumbrances from said property, and if you or any one whom you may designate shall notify me of your acceptance of said loan and I am unable or refuse to complete said loan, then I agree to pay the above commission and all expenses you or the assignee of this contract may have incurred, for such refusal or inability to complete said loan.

"I hereby authorize you to pay off all liens and incumbrances of whatsoever kind now on my property above described, and if the loan hereby applied for should not be sufficient to pay off all prior liens, I agree to pay the deficiency within ten days after being notified of same.

"I agree to insure, with fully paid policies, the buildings on said premises, in the sum of at least $275,000 with loss, if any, payable to the lender as his interest may appear, all new and renewal policies to be placed by Remmel & McCarroll, in companies acceptable to them.

"In event proceeds of loan are to be paid out before building is completed or as work on building progresses, I agree to furnish the usual surety bond protecting lender

against all mechanics or other statutory liens, said bond to be placed by Remmel & McCarroll in companies acceptable to them.

"In witness whereof I have hereunto set my hand this 7th day of February, 1927.

"[Signed] George W. Donaghey.

"State of Arkansas, County of

"Subscribed and sworn to before me, a notary public, in and for said county and State this 7th day of February, A. D. 1927.

"[Signed] Robbie L. Wood, Notary Public [Seal]

"My commission expires October 21, 1930."

"APPLICATION.

"Massachusetts Mutual Life Insurance Company,

"Springfield, Mass.

Business and Apartment Property

"Gentlemen: Application is hereby made for a loan of $275,000 for ten years at 5½ per cent. per annum, payable semi-annually, on the following described real estate in the city of Little Rock, County of Pulaski, State of Arkansas:

"West half of lots one, two and three in block two, city of Little Rock, more particularly described as follows: Beginning at a point at the northwest corner of said block, running south one hundred and fifty feet on Main Street, thence east sixty-nine feet, thence north one hundred and fifty feet, thence east sixty-nine feet to the place of beginning, with the following exceptions: 30 feet on East Markham Street by 70 feet on Main Street, which is included in a 99-year lease, a copy of which is herewith attached. See attached plat of ground. And the following statements and answers to questions are made as an inducement to you for the approval of this application. * * *

"The subscriber agrees to furnish at his own expense a complete and satisfactory abstract of title to the premises, or a title policy, at the option of the said company, and to pay all charges for recording all deeds, and

all other instruments required by the company, and if this application is approved and the loan completed, the abstract or title policy shall remain in the custody of the said company until the said loan is fully paid; and it is further understood and agreed that all loan papers shall be on such forms as may be required by said company. And it is agreed that said company shall not be required to make any settlement of the loan or any advance on account thereof unless the title to the premises shall be satisfactory to it at the time such settlement or advance is requested. The company may at its convenience make settlement of this loan by its check drawn upon New York, Boston or Chicago; and it is further understood that interest on the loan herein applied for shall commence with the date of the check sent in settlement.

"Dated this 7th day of February, 1927.

"[Signed] George W. Donaghey, Applicant."

"ACCOMPANYING LETTER.

"Little Rock, Arkansas, February 7, 1927.
"Messrs. Remmel & McCarroll, Agents,
"Mass. Mutual Life Ins. Co. of Springfield, Mass.,
"1308 Donaghey Building, Little Rock, Arkansas.

"Gentlemen: I am herewith filing with you, attached to this letter, an application on the regular form of said company for a loan of $275,000 on the property at the southeast corner of Markham and Main Streets, Little Rock, Arkansas, all of which is more particularly described in said application; the loan to be made, at five and one-half per cent. per annum interest, payable semi-annually, with a commission to be paid for said loan in the amount of ten thousand dollars; the time of the loan to be ten years with the principal payments of five per cent. per annum to commence at the end of the fourth year from the time the loan is made.

"I am also attaching to said application properly filled out one of your loan contract forms stipulating the terms and conditions of the loan together with the amount of commission to be paid you with other formal

stipulations therein noted; and it is distinctly agreed between us and is made a part of this loan contract with the Massachusetts Life Insurance Company application that, if an agreement be not effected within thirty days from this date by the Massachusetts Mutual Life Insurance Company to make this loan and advance the installments as the building progresses, then, in that event, this application and the loan contract shall be void and of no effect.

"Very truly yours,

GWD-GW                "[Signed] George W. Donaghey."

"LETTER.

"Springfield, Massachusetts, February 15, 1927.
"Mr. Theo. W. Pinson, Manager,
"907 Republic Bank Building, Dallas, Texas.

"Dear sir: This is to advise you that the application of George W. Donaghey, et al., for a loan of $275,000 to cover property in Little Rock, Arkansas, will be approved for a loan of $200,000 only, subject to satisfactory title, plat of survey showing the building to be within the lot lines and with the understanding that the new building on the premises is to be completed and paid for free from mechanics' lien claims in accordance with the plans, specifications and representations made to us at a cost of not less than $400,000.

"We are of the opinion that such an approval will be all that we can possibly loan on this property considering that the building is to cover also the lot which is held by the applicant under a ninety-nine-year lease. We shall probably require an assignment of the lease to us at the time of the closing of the loan.

"If such an approval will be satisfactory you may forward the abstract of title and plat of survey for examination.

"Yours truly,
"[Signed] O. E. Fifield,
"Superintendent of Loans."

"LETTER.

"Little Rock, Arkansas, March 1, 1927.
"Messrs. Remmel & McCarroll,
"1308 Donaghey Building, Little Rock, Arkansas.

"Gentlemen: With reference to the loan from the Massachusetts Mutual Life Insurance Company, I wish to say while I shall need, at least $25,000 more money than the amount named in Mr. Fifield's letter, yet I shall accept the $200,000 therein named, trusting that upon completion of the building if I should then need an additional $25,000, the company will, if it thinks I am entitled to it, lend me said additional $25,000, this, however, to be left entirely to the judgment of the company at the time. This acceptance is conditioned upon the securing of a permit from the city of Little Rock for the construction of the building at the location named and the approval of the plans by the lessor of that part of the land subject to the 99-year lease. I contemplated no trouble respecting these matters.

"It is agreed that I am to pay $7,500 commission on the $200,000 loan herein named, and that all other conditions named in my application of the 7th day of February, 1927, are to remain the same. I shall prepare and forward plat of ground and abstract of title as quickly as this can be made up.

"Very truly yours,
"[Signed] George W. Donaghey."

"LETTER.

"Dallas, Texas, March 3, 1927.
"Remmel & McCarroll,
"Donaghey Building, Little Rock, Arkansas.

"Gentlemen: I am pleased to receive your letter from Governor Donaghey accepting the commitment of $200,000. You state that, since the loan is approved with the understanding that the improvements cost not less than $400,000, it would appear that we are not recognizing any value whatever for the ground.

"You have evidently overlooked the fact that the choicest portion of this ground is a leasehold, and a substantial part of the building is on the leasehold, and, as you know, we are not inclined to lend liberally on leaseholds. I think that if you took the value of the ground apart from the leasehold, and the value of the building which is not on the leasehold, you would see that we are making a rather large loan under the circumstances, I am very glad, however, that Governor Donaghey was able to accept a loan of this amount, and I trust that there will be no trouble which might arise from the building cost falling below the minimum.

"When you receive the abstract and plat of survey I would be very glad if you will forward them direct to Mr. Fifield.

"With kindest regard, I am,

"Yours very truly,

"[Signed] Theo W. Pinson, Manager."

Appellee filed an answer interposing the following defenses to the alleged cause of action, to-wit:

First: That the instruments in writing did not constitute a complete or consummated contract for the procurement of a loan in the amount of $200,000 because the letter of date March 1, 1927, contained conditions which were never accepted by the Massachusetts Mutual Life Insurance Company relative to procuring a permit from the city of Little Rock to construct the building, and procure the approval of the plans for the building by the lessor of that part of the land subject to the ninety-nine-year lease.

Second: That the instruments in writing did not constitute the entire contract, but were executed and delivered upon an oral condition that no commission would be charged unless the money was actually paid to and received by appellant from the Massachusetts Mutual Life Insurance Company.

Third: That the alleged contract set forth in the complaint of appellees was mutually abandoned after March first, 1927.

The cause was submitted for trial upon the pleadings, testimony and instructions of the court which resulted in a verdict and consequent judgment for $7,500 for commissions on loan with interest at six per cent. from May 1, 1927, and $743.60 for commissions on fire insurance, from which is this appeal.

The first contention of appellant for a reversal of the judgment is that no mutual binding agreement was entered into between the Massachusetts Mutual Life Insurance Company and appellant for making the loan. The argument in support of this contention is that the written instruments do not constitute a complete contract, because there was no acceptance by the Massachusetts Mutual Life Insurance Company of the conditions in appellant's letter of date March 1, 1927, relative to his procurement of a permit from the city of Little Rock to construct the building and the procurement of the approval of the plans for the building by the lessor of the property covered by the lease. No duty was imposed by the letter upon the Massachusetts Mutual Life Insurance Company to procure the permit or approval. That duty rested solely upon appellant, just as the duty to furnish the abstract rested upon him. An acceptance of those conditions on the part of the Massachusetts Mutual Life Insurance Company was necessarily implied, for the parties knew the building could not be constructed without the procurement of both. The acceptance of the Massachusetts Mutual Life Insurance Company of those conditions being implied, it was not necessary for it to formally accept the conditions in order to complete the contract. The writings and necessary implications therefrom constituted a complete and enforceable contract. As the written instruments constituted a complete contract, the court correctly refused to peremptorily instruct a verdict for appellant, and also correctly refused to give instruction number 6 requested by appellant submitting the issue to the jury of whether the contract was complete. It was the duty of the court, and not the jury,

to determine whether the writings within themselves constituted a complete and enforceable contract.

Appellant's next contention for a reversal of the judgment is that the court erred in refusing to give his requested instruction number 7 to the effect that he would not be liable for a commission unless the loan was actually made and the money actually paid to him. Appellant testified that when the loan contract was signed and delivered it was upon the sole and only condition that he would not be required to pay a commission unless the loan was actually made and the money actually paid by the Massachusetts Mutual Life Insurance Company to him. This testimony was inadmissible because it was in conflict with the following written paragraph of the written contract, to-wit:

"If I am unable or refuse to complete said loan, then I agree to pay the above commission and all expenses you or the assignees of this contract may have incurred, for such refusal or inability to complete said loan."

As the requested instruction was based upon incompetent testimony, it was properly refused by the court.

Appellant's next contention for a reversal of the judgment is that the court erred in excluding two letters, one from appellant to John F. Boyle, lessor of the leased lot, and the other the answer he received thereto. These letters related to the construction of a building on the leased lot. The letters were properly excluded as they antedated the contract for the loan, and had no reference thereto.

Appellant's next and last contention for a reversal of the judgment is the refusal of the court to permit appellant to introduce letters passing between him and Mr. Pinson and the appellees, from January 27, 1928, to April 8, 1928, relative to the building of a hotel on said property. Appellant pleaded as one of the defenses, and testified in support thereof, that the loan under his application of February 7, 1927, and all transactions pertaining

thereto, were mutually abandoned by all parties concerned after March, 1927. The letters referred to above were offered in evidence in support of appellant's testimony relative to the mutual abandonment of all transactions relative to the loan under his application of February 7, 1927. The majority of the court is of the opinion that the letters referred to, and excluded by the court, being between appellant and Theo. W. Pinson concerning a different character of building upon the same property, tended to show that there had been an abandonment of all negotiations relative to the original loan, and that, had they been admitted in evidence, they would have corroborated the testimony of appellant to that effect. Mr. Justice BUTLER and the writer do not concur in this view, but are of the opinion that the letters were inadmissible because they concerned a different and wholly independent transaction.

On account of the error indicated in excluding the letters referred to, the judgment is reversed, and the cause is remanded for a new trial.